UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY REDDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00139-SNLJ |
| | ) | |
| BRANDON SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion to quash subpoena (#30). Defendant filed a memorandum in opposition. (#31). Plaintiff did not file a reply. For the reasons set forth below, plaintiff's motion will be **DENIED**.

**I. BACKGROUND**

The following facts are taken from plaintiff's complaint and motion to quash. (#4, #30).

On May 17, 2014, plaintiff was brought to the Pemiscot County Sheriff's Department for questioning regarding a house fire. Defendant, a Pemiscot County Deputy Juvenile Officer, interviewed plaintiff—a minor at the time—in the presence of plaintiff's father. At some point, defendant detained plaintiff without his father's consent and contacted Lakeland Behavioral Health Systems ("Lakeland") to arrange for plaintiff's transportation to Lakeland for mental health services. Plaintiff was confined at Lakeland for 38 consecutive days. On June 25, 2014, the Pemiscot County Court ordered plaintiff to be released from custody. On August 20, 2014, the Pemiscot County Court entered an

1

order "finding that the Juvenile Office failed to prove the allegations of the petition beyond a reasonable doubt and therefore ordered the petition denied and dismissed." (#4, p. 4).

Apparently, plaintiff, his father, and Lakeland entered into a confidential settlement agreement regarding plaintiff's "unlawful" 38-day detention. That agreement, which has not been provided to this Court either in full or in redacted form, purportedly states in relevant part:

> "[T]he [u]undersigned and their counsel agree that the underlying facts of this claim, the terms of this settlement, and the amount of this settlement shall be and remain confidential and that they will not publicize those terms to the general public … All parties agree that this Confidential Release shall not be used as precedent for any other claim, suit, cause or hearing. Any attempt to use this Confidential Release as precedent for any other cause shall be considered a material breach of the Confidentiality Release Agreement and shall subject the breaching party to damages, and the non-breaching party shall be entitled to seek all available remedies including but not limited to injunctive relief."

(#30, p.3-4).

Defendant, a non-party to the settlement agreement and its confidentiality provisions, caused a subpoena to be issued to Lakeland on or about August 27, 2018, seeking all settlement-related documents occurring between Lakeland and plaintiff since June 30, 2014. (#30-1). Plaintiff argues defendant is not entitled to these documents because of the above-referenced confidentiality provisions; accordingly, plaintiff moved to quash the subpoena. Conversely, defendant argues the documents are relevant (a point plaintiff does not refute) and that confidentiality, alone, does not prevent their production.

II. ANALYSIS

2

The only point of contention between the parties is whether a confidentiality provision bars the discovery of an otherwise relevant settlement agreement. Plaintiff points to no law whatsoever for the proposition that a confidentiality provision can, in itself, bar the production of otherwise discoverable information. To the contrary, there is a myriad of case law favoring the opposition conclusion. It is, indeed, the general rule that settlement agreements are discoverable notwithstanding a confidentiality provision. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc.*, 325 F.R.D. 602, 605 (E.D. Mich. 2016); *Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, 270 F.R.D. 437, 438 (E.D. Wis. 2010); *Newby v. Enron Corp.*, 623 F.Supp.2d 798, 838 (S.D. Tex. 2009); *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-685 (D. Kan. 2004). Accordingly, on this narrow issue, the Court will deny plaintiff's motion.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to quash subpoena (#30) is **DENIED**. Because Lakeland is not a party to this case and is unable to protect its own confidentiality interests, disclosure of the settlement agreement shall be made under seal.

So ordered this 2nd day of October 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE